UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

IPIC ENTERTAINMENT, INC.,

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Windy Lucius, ("Plaintiff") by and through her undersigned counsel, hereby files this complaint and sues Defendant, IPIC Entertainment Inc., a foreign profit corporation doing business in Florida, and alleges as follows:

**INTRODUCTION**

1. This is an action to end the systemic civil rights violations committed by Defendant IPIC Entertainment Inc. ("IPIC"), against blind and visually-impaired individuals in Florida. IPIC is denying blind and visually-impaired individuals throughout Florida equal access to the services it offers in its movie theaters.

2. Many individuals who are blind or visually-impaired enjoy watching films in theaters and engaging in this classic part of American cultural life. Audio description technology is essential to the movie-going experience of blind individuals, so that they will know what is happening in scenes without dialogue or scenes that include significant visual elements.

3. To use audio description at the movies, a blind individual wears a headset and listens to an audio description track that contains narration of the visual elements of the film that

is synchronized with the movie. Movie studios create the audio description tracks and provide them to IPIC and other theaters. Without audio description, blind individuals watching a movie do not know what is happening in scenes without dialogue and may misunderstand the meaning of other scenes. Thus, audio description is essential for blind viewers to understand movies.

4. IPIC exhibits movies in its theaters, providing movie-going experiences to thousands of individuals each year, but fails to make its services accessible to blind individuals by providing the correct, functioning audio description equipment. Although IPIC is required to provide audio description services for blind patrons at its theaters, audio description services are not available at all. Through its failure to provide audio description technology and services, IPIC is excluding blind individuals from full and equal access to its services in theaters in Miami-Dade County and the Southern District of Florida.

5. Over twenty-five years ago, Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers that deny blind persons the accommodations, advantages, facilities, privileges and services of places of public accommodation, such as movie theaters.

6. In January 2017, the federal regulations were implemented which required movie theaters to provide audio descriptive devices to their blind patrons. The regulations require that covered entities provide audio descriptions for digital movies exhibited by the covered entity; and that covered entities provide notice to the public that it provides auxiliary aids to persons with disabilities. 28 CFR § 36.303(a)-(c).

7. Plaintiff notified IPIC that it was failing to provide the audio descriptive devices which created the barriers complained of herein. She attempted to resolve this matter without a lawsuit. However, IPIC failed to remedy the ongoing discriminatory practices.

## JURISDICTION

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

## VENUE

9. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)-(c).

10. Defendant IPIC Entertainment, is registered to do business in Florida and do business in the Southern District of Florida. Defendant owns and operates movie theaters throughout Florida, including at least 3 movie theaters in the Southern District of Florida.

11. Defendant is subject to personal jurisdiction in the Southern District of Florida. Defendant has been and is committing a substantial part of the acts alleged herein in the Southern District of Florida, has been and is violating the rights of consumers with disabilities in the Southern District of Florida, and has been and is causing injury to consumers with disabilities in the Southern District of Florida.

## PARTIES

12. Plaintiff Windy Lucius is blind and currently resides in Miami Dade County, Florida. IPIC has denied Ms. Lucius the full use and enjoyment of the facilities, goods, and services of IPIC theaters in North Miami, Florida.

13. Defendant IPIC Entertainment Inc., a for-profit corporation, through its direct and indirect subsidiaries, owns and operates movie theaters. IPIC Entertainment owns and/or operates approximately 16 movie theaters, in Texas, California, Florida, New York, Arizona, Maryland and Illinois. Plaintiff seeks full and equal access to the goods and services provided by IPIC Entertainment through its IPIC theaters.

## FACTUAL ALLEGATIONS

14. IPIC provides movie-going entertainment to thousands of Americans each day. IPIC owns and operates a massive chain of over 16 IPIC movie theaters. IPIC serves thousands of guests each year in its movie theaters

15. Despite this strong record of providing entertainment to thousands of Americans, IPIC fails to provide equivalent services to individuals who are blind or visually-impaired.

16. The primary service that IPIC offers to the general public in its theaters is playing movies. It also sells food and beverages for consumption at the location. In order to make movies accessible to individuals who are blind and to provide its customers an experience comparable to that of sighted patrons, IPIC is required to offer audio description at its theaters. Properly functioning audio description technology provides an audio track containing descriptions of the visual elements of the film and is synchronized with the film's audio track. Most major film studios release wide-release movies with audio description tracks. Audio description tracks are available for most wide-release films that IPIC Theaters exhibit.

17. Theaters deliver audio description tracks to blind customers through audio description devices. To access audio description, a theater provides a blind customer with a small receiver, which the blind customer can connect to his or her own headphones or headphones that the theater provides. The headset receiver is battery-operated and programmed to wirelessly receive the audio track for the specific movie the individual has bought a ticket to watch.

18. This case arises out of IPIC's policy and practice of denying blind and visually-impaired individuals access to its movie showings, through its failures to provide properly functioning audio description devices.

19. Plaintiff has encountered great difficulty accessing audio description at IPIC theaters. Most recently, on or around April 25, 2019, Ms. Lucius and her boyfriend attended the showing of "Little" at IPIC North Miami. This was supposed to be a special evening because they were celebrating Ms. Lucius' birthday. They looked forward to a wonderful evening of dining and watching a movie in the luxurious surroundings offered at IPIC. When they arrived, Ms. Lucius inquired about audio description technology, required under the regulations, that would have allowed her to enjoy the movie on an equal basis with her sighted boyfriend. The IPIC staff ("Anfel" and/or "Cynthia") told them that closed captioning equipment was available but there was no equipment for audio descriptions. Ms. Lucius was left with a choice of attending the movie with her boyfriend or having their plans ruined for the evening. Since they had already purchased the tickets and traveled to the movie theater, she and her boyfriend decided to attend the movie. Ms. Lucius was left asking her boyfriend to explain portions of the movie to her because the required audio descriptions were not provided. She felt humiliated and segregated that a public accommodation could not or would not meet their legal obligations.

20. On June 19, 2019, Ms. Lucius decided to try to make another attempt at seeing a movie at IPIC. Instead of making the trip to the physical location, she decided to call ahead to see if the lack of audio descriptions had been solved. It had not. Instead, she had to explain what audio descriptions were to the person on the phone. She was then told that audio description equipment was not available. Again, Ms. Lucius was left feeling excluded, segregated, and humiliated.

21. On September 26, 2019, she called IPIC again to determine whether it had acquired audio description equipment that would allow her to enjoy a movie. The person on the phone said they do not have audio description equipment and would not be acquiring audio description equipment. Plaintiff requested to speak to someone in customer service. She was directed to the website and instructed to lodge her complaint through the website.

22. The repeated denial of effective audio description equipment and services at IPIC theatres has deterred and will continue to deter blind and visually-impaired people from attending movies at such theatres as often as they otherwise would like to attend such movies.

23. IPIC is violating basic equal access requirements under the ADA by failing to provide functioning audio description. IPIC has failed to implement policies and procedures to ensure that its audio description devices are charged and maintained, that its staff are trained, and that devices are correctly programmed.

## COUNT I
**Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq.*)**

24. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

25. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. § 12182.

26. Defendant owns or operates IPIC movie theaters, which are places of public accommodation within the statutory definition. 42 U.S.C. § 12181(7)(C).

27. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from denying an individual or class of individuals with disabilities the opportunity to participate or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

28. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from affording an individual or class of individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

29. By failing to provide and maintain a functional audio description system, IPIC is excluding Plaintiff from participating in and benefiting from the goods, services, facilities, privileges, advantages, and accommodations of its movie theaters, in violation of Title III. IPIC further violates Title III because it is providing Plaintiff with a movie-going experience that is not equal to that afforded to other individuals.

30. Under Title III, entities that own, operate, lease, or lease to places of public accommodation must take the steps necessary to ensure that no individuals with disabilities are excluded, denied services, or otherwise treated differently than others because of the absence of

auxiliary aids and services, unless doing so would fundamentally alter the services provided or create an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

31. Audio description is an auxiliary aid under Title III of the ADA. 28 CFR 36.303(b). IPIC has further violated Title III by failing to take the steps necessary to ensure that blind and visually-impaired persons are not excluded from its movie-showing services because of the absence of audio description.

32. It is a violation of Title III for entities that own, operate, lease, or lease to places of public accommodation to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the modification would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

33. By failing to modify practices, policies, and procedures to ensure that audio description equipment is provided, maintained and fully functional and that employees know how to set up equipment and monitor audio description equipment, IPIC is violating Title III.

34. Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a) A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, requiring Defendant to take the steps necessary to provide audio description equipment and services in their movie theaters for individuals who are blind or visually-impaired.

b) A declaration that Defendant discriminates against blind and visually-impaired persons by failing to provide blind and visually-impaired individuals, including Plaintiff, with full and equal access to the services, facilities, privileges, advantages, and accommodations of the services at IPIC theaters in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*

      c)      An order awarding Plaintiff reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188; and

      d)      For such other and further relief as the Court deems just and proper.

DATED:  October 16, 2019

                              Respectfully submitted,

                              */s/ J. Courtney Cunningham*
                              J. Courtney Cunningham, Esq.
                              J. COURTNEY CUNNINGHAM, PLLC
                              FBN: 628166
                              8950 SW 74th Court, Suite 2201
                              Miami, FL 33156
                              T:  305-351-2014
                              cc@cunninghampllc.com